**Elizabeth BROWN, Plaintiff-Appellant,**

v.

**PARKER–HANNIFIN CORPORATION, Defendant-Appellee.**

No. 81–2471.

United States Court of Appeals, Tenth Circuit.

Oct. 22, 1984.

Paul Franklin Farr and Carolyn Montgomery of J. Craig Carman & Associates, Salt Lake City, Utah, for plaintiff-appellant.

Gordon L. Roberts and Kathlene W. Lowe of Parsons, Behle & Latimer, Salt Lake City, Utah, and Bruce G. Hearey and Stanley Dan Pace of Spieth, Bell, McCurdy & Newell Co., L.P.A., Cleveland, Ohio, for defendant-appellee.

Before HOLLOWAY, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

HOLLOWAY, Chief Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Plaintiff Elizabeth Brown commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* alleging, *inter alia,* that defendant Parker-Hannifin Corporation (Parker-Hannifin) discriminatorily discharged her from employment because of her German national origin.[1] The district court granted the defendant's motion for summary judgment.

Plaintiff Brown appeals from the district court order, contending that: (1) summary judgment was improper since, contrary to the district court's rulings, plaintiff established a triable *prima facie* case of discrimination; and (2) the denial of plaintiff's Rule 56(f) motion for postponement of the summary judgment hearing was improper because she was not afforded the opportunity to demonstrate through further discovery that defendant's nondiscriminatory reason for her termination of employment was pretextual. We must agree with plaintiff's primary contention and conclude that material issues of fact existed as to whether the plaintiff presented a *prima facie* claim of disparate treatment and whether the defendant's stated reason for her discharge was pretextual. Thus we must set aside the summary judgment.

I

Plaintiff Brown is a German who moved to the United States in 1956. She was first hired by defendant Parker-Hannifin in 1972 as a "manufacturer expediter" in the packing division of the corporation. I R. 41, III R. 26. Plaintiff testified by deposition that she was a hard worker who neither complained nor refused to do work; that she was capable of handling a number of different jobs; and that she was given various duties by her supervisor because she

1. Plaintiff asserted in the court below that she was also basing her claim on harassment and on retaliation for a discrimination complaint she had filed with the EEOC in 1975. II R. 4, 5. We will not address these specific claims because plaintiff failed to urge them on appeal. Some of the evidence which would support those claims is referred to below because of its relevance to the disparate treatment claims of plaintiff.

"could get (the job) done and could get it done fast." III R. 29, 36.

On January 6, 1977, Parker-Hannifin terminated plaintiff's employment. The reason given for her discharge was that she was insubordinate in refusing to fill in on a job as ordered by her supervisor. Plaintiff stated that she told her supervisor and the personnel manager that she could perform the requested job for only a few hours because of problems she was having with her knee. Plaintiff further testified, by deposition and by her affidavit, that other non-German employees continued to work as expediters for the defendant's packing division after her discharge, and that plaintiff had done her job as well as anyone there. I R. 187, III R. 40–41.

Plaintiff produced evidence that another non-German employee was treated more leniently for a similar infraction; the other employee was merely suspended from work for insubordination. I R. 186. She also testified in her deposition that other employees harassed her and called her a "German Kraut," while her supervisors did nothing to stop them. III R. 39–45.

Plaintiff had previously filed a discrimination complaint in 1975 with the EEOC against the defendant after being laid off work. The charge was resolved by written agreement, and she was reinstated and paid lost wages. Plaintiff's affidavit states that EEOC officials visited the company and interviewed her in November 1976 and that her discharge followed some two months thereafter. I R. 188.

Plaintiff brought this Title VII suit in the District of Utah. The district court held, in granting the defendant's summary judgment motion, that plaintiff did not produce sufficient evidence to make out a *prima facie* case of discrimination. The court therefore concluded that no genuine issue of material fact existed and that defendant was entitled to summary judgment as a matter of law. The court found that the only evidence supporting plaintiff's claim was that another non-German employee received a less severe punishment for a simi-

lar work infraction; the court concluded, however, that such evidence did not raise a material issue of fact because the two situations were "not that comparable." *See* Memorandum Decision at 2.

The district court also denied plaintiff's Rule 56(f) motion. The court held that further discovery would not aid plaintiff in defending against the summary judgment motion and that she had sufficient time and opportunity to produce some evidence to support her claim.

## II.

We must consider whether the defendant's affidavits, depositions and other materials established the absence of a genuine issue of material fact and defendant's right to judgment as a matter of law (1) as to plaintiff's Title VII claim of discriminatory treatment because of her German national origin, and (2) as to the company's defense that in any event defendant had a legitimate non-discriminatory reason for discharging plaintiff.

### A. Establishment of prima facie case of discrimination

The Supreme Court has held that a *prima facie* case of employment discrimination is established when plaintiff demonstrates that: (1) she belongs to a racial minority; (2) she applied and was qualified for a job the employer was trying to fill; (3) although qualified, she was rejected; and (4) the employer continued to seek applicants with the plaintiff's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1972). *See also EEOC v. University of New Mexico*, 504 F.2d 1296, 1305 (10th Cir.1974). Although the four *McDonnell Douglas* factors were not cast as a rigid rule to apply to all factual situations,[2] courts have adapted the formulation to fit cases involving claims of discriminatory discharge.

This court has held that a discharged employee establishes a *prima facie* case by

---

2. *McDonnell Douglas*, 411 U.S. at 802, n. 13, 93 S.Ct. at 1824 n. 13.

satisfying the first three requirements of *McDonnell Douglas* and by producing evidence that someone was hired in her place after she was fired. *Crawford v. Northeastern Oklahoma State University*, 713 F.2d 586, 588 (10th Cir.1983).[3] Plaintiff has made no showing that her job remained available after her discharge, as indicated in *Ray v. Safeway Stores, Inc.* However, she has successfully demonstrated that she satisfies even the stricter test established by some courts.

First, plaintiff belongs to a minority based on national origin; she was born in Germany in 1936, moved to the United States twenty years later, and first obtained her American citizenship in 1959. Second, she made a showing in her deposition and other evidentiary materials that she was qualified for her job; that she was a hard worker capable of handling different duties; and that her supervisors knew of her capabilities and entrusted her with various jobs in the plant. Third, plaintiff was discharged from employment in January 1977. Finally, plaintiff stated in her deposition that she was doing the work faster than other employees; that she was "used" while other employees "could play around, having fun in there"; and that other employees knew what plaintiff could do and were on her side concerning her discharge. III R. 35–36. Other employees called her a "German, Kraut" and harassed her, and the supervisors did nothing to stop that behavior. III R. 39–41, 43. We must agree that plaintiff demonstrated a triable *prima facie* claim of discrimination against

the defendant for her discharge. We are persuaded that this case is similar to *Byrd v. Roadway Express, Inc.*, 687 F.2d 85 (5th Cir.1982), where the court held that summary judgment was precluded because the plaintiff's deposition "demonstrated a potential for a *prima facie* case at trial" of his § 1981 claim involving harassment and threatening conduct.[4]

Defendant argued in its memorandum for summary judgment in the district court that the record would simply not permit a finding of disparate treatment; that plaintiff was insubordinate; and there was no evidence that defendant's discharge of her was motivated by unlawful discriminatory animus. I R. 161. However the record shows that plaintiff did present some evidence of disparate treatment. Defendant's arguments about the weakness of the plaintiff's case should be addressed to a trier of facts at trial. The plaintiff, as detailed above, produced some evidence of the elements of a *prima facie* case, her own capabilities, and of the failure of her supervisors to stop harassment of those abusing her. "It is reasonably clear that an employer must do more than merely avoid actively creating a racially intimidating environment. If he has actual or constructive notice of the situation and fails to take active and effective steps to remedy it, he may have violated Title VII. This is true even if the acts of harassment are committed entirely by non-supervisory personnel." 3 A. Larson and L. Larson, *Employment Discrimination.* § 84.10 at 17–7 (1984).

---

**3.** *See also Ray v. Safeway Stores, Inc.*, 614 F.2d 729, 730 (10th Cir.1980), where this court held that a *prima facie* case is established by meeting the first three *McDonnell Douglas* requirements and demonstrating the job remained available after the discharge. Other courts have developed stricter tests; for example, some courts have held that, in addition to meeting the first three *McDonnell Douglas* requirements, plaintiff must show that the employer either assigned a non-minority person to her job or retained non-minority employees having comparable or lesser qualifications. *Whiting v. Jackson State University*, 616 F.2d 116, 121 (5th Cir.1980); *Wade v. New York Telephone Co.*, 500 F.Supp. 1170, 1174 (S.D.N.Y.1980). *See also* 3 A. Larson & L.

Larson, *Employment Discrimination* § 86.40, at 17–52 and 17–53 (1984).

**4.** This case is distinguishable from *Clark v. Atchison, Topeka & Santa Fe Railway Co.*, 731 F.2d 698 (10th Cir.1984). There summary judgment was granted for defendant because plaintiff failed to establish that he was equally or better qualified than those who were promoted; therefore, he failed to make out a *prima facie* case of discrimination. Here plaintiff has presented some evidence to show that she was at least as qualified as those employees who remained on the job; she has thus met the requirements for establishing a *prima facie* case.

■ In light of the evidentiary materials presented to support plaintiff's *prima facie* case, we are unable to agree that summary judgment was proper on the theory that plaintiff failed at the stage of developing a *prima facie* case. The Supreme Court has noted that "the burden of establishing a *prima facie* case of disparate treatment is not onerous." *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). Without expressing any view on the ultimate determination that should be made after trial of plaintiff's discrimination claim, we hold that the district erred in granting summary judgment in favor of the defendant on the theory that plaintiff failed even to present a *prima facie* case.

### B. Showing of pretext to rebut defendant's non-discriminatory reason for discharge

The defendant argued alternatively that even if it is assumed that plaintiff Brown made out a *prima facie* case, the defendant was still entitled to summary judgment on the ground that it was undisputed that defendant discharged plaintiff for a legitimate non-discriminatory reason of insubordination. Brief of Defendant-Appellee 16. Thus we must further consider whether defendant demonstrated by the evidentiary materials offered in support of its motion for summary judgment that there was no genuine issue of fact and that defendant was entitled to judgment as a mater of law on the basis of this defense.[5]

■ It is true that insubordination could serve as a legitimate non-discriminatory reason for discharge to rebut the plaintiff's

*prima facie* case. *Ray v. Safeway Stores, Inc.,* 614 F.2d 729, 731 (10th Cir.1980). Where a defendant offers such a defense, the plaintiff then may show "either that insubordination was a pretext for the Company's real reason for firing her, that she had been a victim of disparate treatment, or that discriminatory actions of the Company induced her insubordination." *Nulf v. International Paper Co.,* 656 F.2d 553, 559 (10th Cir.1981). *See also Ray v. Safeway Stores, Inc.,* 614 F.2d at 731.

■ However, we must be mindful again that we are assessing the contentions surrounding this issue in the context of a summary judgment. The party seeking summary judgment "had the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." *Adickes v. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The moving party must "demonstrate entitlement beyond a reasonable doubt and if an inference can be deduced from the facts whereby the non-movant might recover, summary judgment is inappropriate." *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 516 F.2d 33, 36 (10th Cir.1975). Where different ultimate inferences may be drawn from the evidence presented by the parties, the case is not one for summary judgment. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Further,

[t]hat the movant appears more likely to prevail at trial is no reason to grant summary judgment; it is not the prov-

---

**5.** This alternate theory was not relied on by the district court in its Memorandum Decision granting the summary judgment. Nevertheless as a possible alternative ground of affirmance we will consider this point.

Defendant sought to demonstrate by the affidavits supporting its motion for summary judgment that: (1) the non-German employee, Fairbourne, was not discharged for refusing to recut parts because her behavior did not constitute direct insubordination to a supervisor, (I R. 171); (2) plaintiff was the only German employee discharged between December 1976 and

April 1979 (I R. 171–72); (3) plaintiff never informed management of harassment by other employees (I R. 172); (4) the sole reason for plaintiff's discharge was insubordination. (I R. 174–75, 178–79); and (5) the decision to discharge plaintiff was made without management knowledge that she had previously filed a charge of discrimination with the EEOC. (I R. 176, 180). As discussed in the text below, plaintiff has produced evidence to rebut these claims by defendant and, thus, to present triable issues of fact for trial.

ince of the court on a motion for summary judgment to weigh the evidence, assess its probative value, or decide factual issues. *Id., Foster v. Swift & Company,* 615 F.2d 701, 702 (5th Cir.1980); *Hayden v. First National Bank of Mt. Pleasant, Texas,* 595 F.2d 994, 997 (5th Cir.1979). Its responsibility is only to determine, by resolving all reasonable doubts about the existence of a genuine issue of material fact against the movant, whether a material factual question exists. *Jones [v. Western Geophysical Company of America,* 669 F.2d 280] at 283 [ (5th Cir. 1982) ], *citing Erco Industries, Ltd. v. Seaboard Coast Line Railroad Company,* 644 F.2d 424, 428 (5th Cir.1981). *Byrd's version of events leading up to his discharge raised factual issues unresolved by Roadway's response, and demonstrated potential for a prima facie case at trial. Abraham v. Graphic Arts International Union,* 660 F.2d 811, 817 (D.C.Cir.1981). (Emphasis added).

*Byrd v. Roadway Express, Inc.,* 687 F.2d 85, 87 (5th Cir.1982).

 It is true that once a properly supported motion for summary judgment is made, the opposing party may not merely rest on the allegations in the complaint and must respond with some factual showing of the existence of a genuine issue of material fact. *Baum v. Gillman,* 648 F.2d 1292, 1297 (10th Cir.1981). Here the plaintiff related specific incidents which raised issues of fact concerning whether the defendant's stated reason for discharge was pretextual. First, she testified in her deposition that she had a knee condition which was being treated by doctors and that this prevented her from standing for long periods of time. Plaintiff further testified that her supervisor was aware of this condition when he assigned her to the job leading to her discharge, a job which required that

she stand for some eight hours a day. III R. 30, 31, 33.

Second, plaintiff stated in her deposition that other employees called her a "German, Kraut" and made fun of her whenever she said "something backwards." They tried to threaten her by remarks about kidnapping her; when she was injured by one of the machines and returned to work after treatment for her injury, she was told that her whole hand should have been cut off. Her supervisors permitted these remarks to be made and did not stop such behavior. III R. 39–41, 43. As noted earlier such evidence that the employer failed to take active and effective steps to remedy the harassment may serve as proof of unlawful discriminatory employer practices. 3 A. Larson & L. Larson, *Employment Discrimination,* § 84.10 at 17–7 (1984). Since failure to remedy harassment by employees may establish a Title VII violation, we feel that evidence of such circumstances may serve as proof that the employer's proffered nondiscriminatory reason for the discharge was pretextual. *See id.* at 17–7 and 17–8; *see also Rowe v. Cleveland Pneumatic Co.,* 690 F.2d 88, 97 (6th Cir.1982).

Third, plaintiff produced evidence that another non-German employee charged with insubordination was treated more leniently than she. Although the district court found that the two situations were "not that comparable," [6] that determination was one of a factual nature that should not have been made as a basis for summary judgment. With respect to the disparity of treatment, plaintiff presented evidence that similarities existed between the two situations. Both she and the other employee committed a similar work infraction by refusing to obey orders on the job. While the non-German employee disobeyed a fellow employee, she also ultimately defied her supervisor when he said she should re-do the work as the fellow employee re-

---

**6.** *See, supra,* note 5. The non-German employee, Fairbourne, refused to recut parts on request by a line inspector. Her supervisor also approached her about the matter; she refused again. The supervisor asked her to come to his office, where he spoke with her and again re-

quested that she do the job. She still refused to recut the parts. At that point, the supervisor told her that her behavior "constituted insubordination." Fairbourne continued to refuse to do as asked. She was then suspended by the supervisor. *See* I R. 186.

quested; this was arguably an example of similar insubordination. Sufficient evidence of similarity was presented to at least raise a factual question whether disparate treatment may have occurred when plaintiff was discharged and the non-German employee was merely suspended. Without expressing any view on the merits of the issue, we must agree that this was essentially a factual dispute. The case is similar to *Rodriguez v. Board of Education of Eastchester Union Free School District*, 620 F.2d 362 (2d Cir.1980), where the court held that the plaintiff's affidavits and testimony rebutting the defendant's professed innocent motives for transferring her to another job presented a triable issue of fact that should not have been resolved by a summary judgment dismissing plaintiff's Title VII claim.

Finally, plaintiff stated in her affidavit that she had previously filed a discrimination complaint with the EEOC against the defendant and that officials from anti-discrimination agencies visited defendant's plant in November 1976. They interviewed her and she told them that she was harassed on the job. Her discharge occurred approximately two months later in January 1977. I R. 188. The EEOC director was unable to verify the time and extent of the visit to the defendant's facilities. I R. 47. However, by reviewing the entire record in the light most favorable to plaintiff, one could infer that plaintiff's discharge closely followed EEOC's inspection of defendant's plant and was unlawfully motivated. Such evidence would tend to show that plaintiff's termination was predicated on discriminatory, rather than legitimate, motives.

### III

### Conclusion

In sum, the plaintiff presented proof of facts and circumstances from which different inferences might be drawn and summary judgment was not justified. *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Accordingly, we must reverse the summary judgment in favor of defendant and re-

mand the case for further proceedings in accord with this opinion.