Wilfred **BOCAGE**, Plaintiff,

v.

**LITTON SYSTEMS, INC.,** a Delaware corporation, Defendant.

**Civ. No. 87–C–1097A.**

United States District Court, D. Utah, C.D.

Dec. 27, 1988.

Dean H. Becker, West Valley City, Utah, for plaintiff.

David A. Anderson, Lois A. Baar, Salt Lake City, Utah, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ALDON J. ANDERSON, Senior District Judge.

### INTRODUCTION

Plaintiff has filed a Complaint against defendant Litton Systems, Inc. ("Litton")

for race discrimination under Title VII of the 1964 Civil Rights Act. He claims that his employment with Litton was unlawfully terminated because of his race. Defendant has moved for summary judgment on the grounds that plaintiff has failed to establish a prima facie case of discrimination; and even if plaintiff has established a prima facie case, he was terminated for a legitimate, non-discriminatory, non-pretextual reason.

As set forth below, this court finds that summary judgment is not appropriate in this case because plaintiff has set forth facts sufficient to establish a prima facie case of discrimination, or at least the potential for making out a prima facie case at trial. Further, plaintiff has alleged facts, which, if true, would support an inference that defendant's articulated reason for termination was a mere pretext for discrimination.

## FACTUAL BACKGROUND

Plaintiff was hired by Litton on January 3, 1986. Prior to joining Litton, plaintiff worked as a Personnel Generalist at Sperry Univac in Salt Lake City. He holds a Bachelor of Science degree in human relations with a grade point average of 3.8 on a scale of 4.0, an associate degree in industrial management, a certificate in personnel management and was working on a master's degree in organizational communications when he was hired by the defendant for the position of Senior Industrial Relations Representative. His responsibilities included recruiting and placement of employees, employee relations, compensation and affirmative action.

Defendant alleges that plaintiff was terminated because of repeated evaluations, five in sixteen months, showing that he lacked initiative, organization and writing skills, and that his job knowledge was below average. Defendant claims that plaintiff's work habits were unsatisfactory, that he failed to follow instructions by hiring individuals without interviewing them, arranging for employees to start work without the supervisor's knowledge, and hiring employees in classifications inappropriate for their years of experience. Defendant claims that it was necessary to create an interview panel for non-exempt production workers due to plaintiff's inability to prescreen and hire qualified applicants for the assembly line. As to specific tasks, defendant alleges that plaintiff inadequately handled a United Way Campaign and compensation survey. Defendant maintains that it was eventually forced to reassign most of plaintiff's work duties to other employees.

In his defense, plaintiff, through a series of affidavits [1], contends that he was never

1. In conjunction with defendant's Motion for Summary Judgment, Litton also moved to strike portions of affidavits submitted by the plaintiff in opposition to the motion. Defendant argues that portions of the affidavits lack foundation, are not based on personal knowledge, are conjecture and speculation, and contain some inadmissible hearsay. Although defendant did not specify how the documents lack foundation or relevance, etc., the court did consider defendant's request.

F.R.C.P. 56(c) provides that opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. F.R.E. 602 also provides that evidence introduced by witnesses must be shown to have been based on personal knowledge. This foundation may be furnished by the testimony of the witness himself. See F.R.E. 602, Notes of Advisory Committee on Proposed Rules. Nevertheless, the judge has discretion to admit the evidence, deferring to proof of knowledge at a later state. See McCormick on Evidence at 24 n. 7 and accompanying text (3rd Ed.1984).

The court observes that, for the purposes of this motion, there is sufficient foundation for the statements relied upon by the court in the affidavits, and that averments contained within the affidavits is the type of evidence that relates directly to the subject matter of this lawsuit and would in all likelihood be admissible at trial. The plaintiff's two affidavits contain his observations and perceptions during his employment with the defendant, while the other two affidavits came from fellow employees at Litton. Most of the statements made by the affiants refer to plaintiff's work habits and defendant's treatment of the plaintiff, and appear to be relevant and based on personal knowledge. Although some of the statements are somewhat conclusory (which can also be said for affidavits submitted by the defendant), it is the type of evidence that plaintiff would be expected to proffer at trial to prove that, despite his competent performance of his job responsibilities, he was unlawfully discharged. In addition, the affidavits of plaintiff's fellow employees cite in-

fully informed of what his job entailed or given a complete description of his job responsibilities. He alleges that his performance at his prior employer and his extensive activities in local black affairs belies the allegation that the plaintiff lacked initiative and incompetently performed his responsibilities on the job.

As to the claim that defendant did not follow procedures in hiring personnel, plaintiff argues that he was not responsible for hiring. He was responsible for conducting interviews, evaluating applicants, and preparing them for contact and hiring by supervisors. Plaintiff also argues that he inadequately prepared the compensation survey only because he was furnished with an inaccurate formula with which to compute the results.

Plaintiff contends that defendant's allegations were part of preconceived plan to discredit and racially discriminate against him. He asserts that it was not the policy of Litton to give the number of evaluations he had received during his period of employment. He alleges that the "barrage" of negative evaluations were racially motivated and directly contrary to the plaintiff's job performance at his prior employer. He claims that another aspect of this preconceived plan was promoting a black woman to be his supervisor for the sole purpose of terminating him so that he would be released by someone of the same race.

In response, defendant argues that plaintiff was given the proper formula to complete the conversation survey, and that the decision to terminate the plaintiff was made by a number of managerial employees.

## DISCUSSION

■ For defendant to establish a basis for summary judgment, it must establish that there are no material issues of fact and that it is entitled to judgment as a

cidents at Litton that may be quite relevant in determining whether defendant engaged in discriminatory policies with respect to other minority employees.

matter of law. *Schwenke v. Skaggs Alpha Beta, Inc.,* 649 F.Supp. 333, 337 (D.Utah 1986) (Greene, J.) *aff'd* 858 F.2d 627 (10th Cir.1988). The movant has the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party. *Brown v. Parker–Hannifin Corp.,* 746 F.2d 1407, 1411 (10th Cir. 1984). "Where different ultimate inferences may be drawn from the evidence presented by the parties, the case is not one for summary judgment." *Id.* The fact that on full consideration at trial the movant might be more likely to prevail is no reason to grant summary judgment; it is not within the province of the court on a motion for summary judgment to weigh the evidence, assess its probative value or decide factual issues. *Id.* at 1411–12.

In the employment discrimination context, a basis for summary judgment must be shown in one of two ways. "The first is to demonstrate that plaintiff cannot establish a prima facie case at trial. The second is to demonstrate that plaintiff cannot carry the ultimate burden at trial of proving intentional discrimination, assuming a prima facie case has been established and that legitimate non-discriminatory reasons have been presented so as to shift the burden back to plaintiff." *Schwenke v. Skaggs Alpha Beta, Inc.,* 649 F.Supp. at 337.

1. The burden of proof under Title VII for wrongful discharge.

■ To prevail on a cause of action for employment discrimination, the employee has the initial burden to establish a prima facie showing of the employer's discrimination. *Bowen v. Valley Camp of Utah, Inc.,* 639 F.Supp. 1199, 1201–02 (D.Utah 1986) (*explaining McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Once such a showing is made, the burden of production

Inasmuch as the court did not rely on the parts of the affidavits that the defendant argues is inadmissible hearsay, the court does not express an opinion of whether these paragraphs would be admissible at trial.

shifts to the employer to articulate a legitimate non-discriminatory reason for terminating the employee. *Id.* at 1202. If the employer succeeds, the burden of production shifts back to the employee to show that the reasons were mere pretexts for discrimination. *Nulf v. International Paper Co.*, 656 F.2d 553, 558 (10th Cir.1981). Despite the shifting of the burden of production, the burden of persuasion remains with the plaintiff throughout the case. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093–1094, 67 L.Ed.2d 207 (1981).

2. The Prima Facie case.

■ In order to establish a prima facie case for discrimination under Title VII of the Civil Rights Act,[2] the plaintiff must establish that (1) he belongs to a group protected by Title VII; (2) he was qualified for his job; (3) he was discharged despite his qualifications; and (4) after he was discharged, someone was hired in his place, or his job remained open and his employer sought applicants whose qualifications were no better than plaintiff's, or he was replaced with a non-minority worker. *McDonnell Douglas v. Green*, 411 U.S. at 802, 93 S.Ct. at 1824; *See Whatley v. Skaggs Companies, Inc.*, 707 F.2d 1129, 1135 (10th Cir.1983). A discharged employee establishes a prima facie case by satisfying the first three requirements ... and by producing evidence that someone was hired in his place after he was fired. *Brown v. Parker–Hannifin Corp.*, 746 F.2d at 1410; *Mohammed v. Callaway*, 698 F.2d 395, 398 (10th Cir.1983). Even where no showing is made that the plaintiff's job remained available after discharge, summary judgment is precluded if the other three requirements are met and a potential for a prima facie case at trial is met. *Brown v. Parker–Hannifin Corp.*, 746 F.2d at 1410.

■ Although the prima facie proof is not necessarily applicable in every respect to differing factual situations, "a Title VII plaintiff [does carry] the initial burden of showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a discriminatory criterion illegal under the Act.' " *Nulf v. International Paper Co.*, 656 F.2d at 558. An employee must also show that his race was a determining factor in the employer's decision, and that "but for" his race, the plaintiff would not have been terminated. *Clark v. Atchison, Topeka & Santa Fe Ry. Co.*, 731 F.2d 698, 702 (10th Cir.1984). This proof can be inferred from the mere fact of differences in treatment of minority and nonminority workers. *Id.*

■ As part of the prima facie case, the plaintiff must show that he was qualified for the job for which he was employed by Litton. *McDonnell Douglas v. Green*, 411 U.S. at 802, 93 S.Ct. at 1824. In the employment context, qualification is more than education credentials and experience; it also requires competence to perform the required job duties. *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 108 (1st Cir.1988); *Halsell v. Kimberly Clark Corp.*, 683 F.2d 285, 290 (8th Cir.1982). It takes more than falling within a protected class to show that one is qualified for the job in question. *Clark v. Atchison, Topeka & Santa Fe Ry. Co.*, 731 F.2d at 701.

■ In the instant case, the court is of the opinion that plaintiff relies upon facts from which inferences could reasonably be drawn that would make out a prima facie case of discrimination, or at least a potential for a prima facie case at trial. Plaintiff is obviously a member of a protected class in that he is black. Although defendant argues that plaintiff was not qualified for the job because he did not competently discharge his job duties and did not perform to the employer's legitimate expectations, plaintiff brings forth facts which seem to indicate that he had the education and experience defendant desired in the position plaintiff was hired for. He held a B.S. degree in a field directly related to his position at Litton, and was in pursuit of a Master's degree in Organizational Science. He proffers evidence from fellow employ-

2. 42 U.S.C. Sec. 2000e *et seq.*

ees tending to indicate that he performed in a professional, enthusiastic, and dedicated manner. He also bring forth facts which infer that he performed competently at his previous employment and in local black affairs. Plaintiff contends that all these facts are indicative that he had initiative, drive, and did perform competently at his job with defendant.[3] Further, plaintiff has brought forth evidence indicating that the defendant treated minority workers different from other employees, i.e., giving lower pay raises to minorities and scrutinizing their work more closely than that of non-minority employees.

Since disputed facts must be construed against the movant and in favor of the plaintiff on defendant's summary judgment motion, this court concludes that plaintiff has established sufficient facts to establish a prima facie case of discrimination, or at least a potential for a prima facie case at trial.

### 3. Legitimate Non–Discriminatory Reason for Termination.

Once plaintiff has satisfied the prima facie test, the burden of production shifts to the employer to show that there was a legitimate non-discriminatory reason for terminating the employee. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802, 93 S.Ct. at 1824. "To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant." *Mohammed v. Callaway*, 698 F.2d at 399, *citing Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. at 255, 101 S.Ct. at 1094–1095.

■ In the case at hand, defendant asserts that plaintiff was terminated because he performed his job in an unsatisfactory matter. Defendant alleges that plaintiff lacked initiative, discharged his job duties contrary to company policy, and incompetently performed the tasks assigned to him.

Since these facts, if true, support inferences that plaintiff performed his job in an unsatisfactory manner, defendant has met its burden of production, for purposes of this motion, in showing that plaintiff was terminated for a legitimate non-discriminatory reason.

### 4. Pretext.

The burden now shifts back to the plaintiff to show that the employer's reason for termination is merely a pretext for discrimination. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093–1094; *Mohammed v. Callaway*, 698 F.2d at 399; *Bowen v. Valley Camp of Utah, Inc.*, 639 F.Supp. at 1202. This burden merges with the ultimate burden of persuading the court that the plaintiff has been the victim of intentional discrimination. *McDonnell Douglas v. Green*, 411 U.S. at 804–05, 93 S.Ct. at 1525–26.

■ Pretext can be shown "either directly by persuading the court that discriminatory reasons more than likely motivated the employer, or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Beck v. Quiktrip Corp.*, 708 F.2d 532, 535 (10th Cir.1983). Evidence relevant to such a showing may include: (1) the employer's prior treatment of plaintiff; (2) the employer's "general policy and practice with respect to minority employment," particularly statistics reflecting a general pattern and practice of discrimination; (3) disturbing procedural irregularities; and (4) the use of subjective criteria. *Mohammed v. Callaway*, 698 F.2d at 399. This list is not meant to be exclusive, but is merely illustrative of methods by which pretext may be shown. *See Colon–Sanchez v. Marsh*, 733 F.2d 78, 81 (10th Cir.) *cert. denied* 469 U.S. 855, 105 S.Ct. 181, 83 L.Ed.2d 115 (1984). "In short, the district court must decide which party's explanation of the employer's motivation it believes." *Beck v. Quiktrip Corp.*, 708 F.2d at 535, *citing United States Postal Service Board of Governors v. Aikens*, 460

---

3. Since there is not dispute that plaintiff has been discharged by the defendant, the third element of the prima facie case is met once the plaintiff has brought forth evidence that support an inference that he was qualified for the job.

U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed. 2d 403 (1983).

■ Plaintiff asserts that he was given menial tasks and responsibilities not commensurate with his position that were not given to non-minority employees at his employment level. Plaintiff has also submitted affidavits alleging that other minority employees were victims of discriminatory treatment. This treatment includes lower pay raises for at least one minority employee, as well as detailed reports being kept on a minority employee that were not kept on other employees. Further, plaintiff argues that the five evaluations he received in sixteen months was not company policy, and that non-minority employees were not evaluated on such an extensive basis.

This is sufficient evidence to raise a factual question as to whether defendant's reason for discharging the plaintiff was a mere pretext for discrimination. Plaintiff has brought forth facts which could support inferences of (1) prior discrimination against the plaintiff, (2) discriminatory policies and practices of the defendant against minority employees, and (3) disturbing procedural irregularities with respect to plaintiff's evaluations.

## CONCLUSION

Plaintiff has made a showing of a prima facie case of discrimination under Title VII, or that he at least has the potential for making out a prima facie case at trial. Although defendant has articulated a legitimate non-discriminatory reason for plaintiff's termination, plaintiff has also alleged facts which could support an inference that defendant's articulated reason for termination was a pretext for a discriminatory termination. Since different inferences can be drawn from the evidence presented by the parties, this case is not one for disposition by summary judgment at this time. Therefore, defendant's motion must be denied.