932 F.2d 975
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
James DAVIS, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary, Department of the Air Force,
Defendant-Appellee.
 No. 90-6358.
 United States Court of Appeals, Tenth Circuit.
 May 15, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 This appeal is from an order of the district court granting summary judgment to the defendant on plaintiff's claims of racial discrimination and denial of his constitutional right to equal protection and due process of law.[1] We affirm the grant of summary judgment with respect to the racial discrimination claim. We also agree with the district court that it had no subject matter jurisdiction over plaintiff's constitutional claims and that those claims should be dismissed.[2]
 
 
 2
 Plaintiff James Davis, a black American, was employed by defendant Secretary of the Air Force as a Supervisory Operating Accountant at Tinker Air Force Base. An investigation by the Inspector General determined that Mr. Davis had engaged in sexual harassment. This conclusion was based on statements by four female employees detailing specific acts of sexual harassment committed against them by Mr. Davis ranging over a period of approximately eight years. Two of the women complained that the objectionable conduct had occurred as recently as April 1989, the month in which the investigation by the Inspector General commenced.
 
 
 3
 Mr. Davis was initially informed by defendant that he would be removed from his job. In response to this notice, he submitted affidavits from various employees, both male and female, stating that he had not, in their presence, engaged in acts of sexual harassment. After considering Mr. Davis' presentation, the Chief of Accounting and Finance informed Mr. Davis that he would be retained in federal service but demoted from his GS-12 classification to the grade of GS-11 and assigned nonsupervisory duties.
 
 
 4
 Contemporaneous with the adverse action taken against plaintiff, defendant also imposed disciplinary action against Mr. Donald Fairbetter, a Caucasian, for sexually harassing two female subordinates. Mr. Fairbetter, like Mr. Davis, was a GS-12 Supervisory Operating Accountant, and he was similarly demoted to a GS-11 grade and deprived of supervisory duties.
 
 
 5
 Alleging that he had been discriminated against because of his race, plaintiff unsuccessfully appealed his demotion to the Merit Systems Protection Board (hereafter MSPB or the Board). The Administrative Judge found that (1) plaintiff had failed to establish a prima facie case of discrimination; (2) the agency had proven plaintiff's sexual harassment of three female employees; (3) there had been no harmful error to plaintiff in the processing of the proposed removal and resulting demotion action; and (4) the demotion action was "within the limits of reasonableness and promotes the efficiency of the service." Initial Decision, Merit Systems Protection Board, Dallas Regional Office, No. DA07529010070 (March 8, 1990). Mr. Davis did not pursue his administrative appeal further, and, thus, the Administrative Judge's decision became the MSPB final decision.
 
 
 6
 In response to his unsuccessful MSPB action, Mr. Davis filed a complaint in the district court for the Western District of Oklahoma under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000(a)-2000(h) (1988), alleging racial discrimination and due process and equal protection violations. Mr. Davis contends that (1) he proved a prima facie case of racial discrimination; (2) the findings of sexual harassment were erroneous for a variety of reasons; and (3) the district court denied him his right to a trial de novo by relying on the record from the administrative proceedings in his racial discrimination case and by granting summary judgment for the defendant.
 
 
 7
 Final decisions of the MSPB are subject to review by the federal district court and by this court. Wilder v. Prokop, 846 F.2d 613, 620 (10th Cir.1988). Where the MSPB is acting within the scope of its authority, a fact not disputed here, its findings will be sustained unless they are plainly erroneous or inconsistent with the Board's own regulations. Id. at 619. A reviewing court cannot substitute its judgment for that of the Board and may only act to insure that federal law and required procedures have been followed and that the action of the Board is not arbitrary or capricious or an abuse of discretion. Id. Under this standard, the Board's action needs only a rational basis in law to be sustained. Id. Because the reviewing district court granted summary judgment in this case, our role is to view the case in the same manner as did that court. Clark v. Atchison, Topeka & Santa Fe Ry. Co., 731 F.2d 698, 700 (10th Cir.1984). We thus are required to determine "whether any genuine issue of material fact exists, and, if not, whether the substantive law was correctly applied." Id.
 
 Prima Facie Case of Discrimination
 
 8
 In granting summary judgment against Mr. Davis and thus affirming the MSPB, the district court concluded that because he offered no evidence that he had been treated differently than a similarly situated white worker, Mr. Davis failed to prove even a prima facie case of race discrimination. Davis v. Rice, No. CIV-90-776-P, Order Granting Summary Judgment, slip op. at 8-9 (W.D.Okla. Sept. 24, 1990) (District Court Order). We have reviewed the record and agree that Mr. Davis failed to present sufficient evidence of discrimination.
 
 
 9
 Mr. Davis advanced a discrimination claim based on disparate treatment and so must show that he was treated in a manner which, "but for [his race] would be different." City of Los Angeles Dep't of Water & Power v. Manhart, 435 U.S. 702, 711 (1978). In order to establish a prima facie case of race discrimination based on individual disparate treatment, Mr. Davis must prove that (1) he is a member of a protected group; (2) he was similarly situated by circumstance to an individual not a member of such a group; and (3) he was treated more harshly or disparately than the similarly situated non-group member. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 & n. 13 (1973); McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1260 (10th Cir.1988). The plaintiff must produce evidence of discriminatory intent or motive to establish a prima facie case; this intent can be inferred from the mere fact of differences in treatment. McAlester, 851 F.2d at 1260. Mr. Davis, however, can point to no one who was not a member of a protected group and whose circumstances were similar to his who received more favorable treatment than he did. He therefore has not established a prima facie case of race discrimination. Indeed, the evidence indicates that Mr. Fairbetter, a Caucasian similarly charged with sexual harassment was given the exact same penalty by the defendant as was Mr. Davis.[3] The district court was therefore correct in granting summary judgment to the defendant on this issue. Because Mr. Davis failed to meet his initial burden of establishing a prima facie case, his argument that a genuine issue of material fact exists regarding the sexual harassment claim sufficient to raise the spectre of pretext is premature and irrelevant.
 
 Trial De Novo
 
 10
 Mr. Davis correctly argues that 5 U.S.C. Sec. 7703(c) (1988) requires a trial de novo in cases of discrimination. Mr. Davis, however, has received a trial de novo on his discrimination claim. He now attempts to argue that the district court, by considering the MSPB record from the proceedings surrounding the sexual harassment claim, has somehow denied him his de novo review. This argument is not persuasive.
 
 
 11
 Mr. Davis cites Whatley v. Skaggs Cos., Inc., 707 F.2d 1129, 1137 (10th Cir.), cert. denied, 464 U.S. 938 (1983), for the proposition that an agency record is inadmissible in a subsequent trial de novo involving a claim of racial discrimination. Whatley, however, is distinguishable from this case. In Whatley the court was reviewing an agency finding regarding the plaintiff's claim of race discrimination in a subsequent trial regarding the same claim. Here, the district court reviewed the defendant's record regarding the sexual harassment proceedings to determine whether the defendant had a legitimate nondiscriminatory reason for demoting Mr. Davis. The district court was not reviewing the record from the MSPB to determine whether the finding of sexual harassment could stand but rather was considering whether the defendant had raised a genuine issue of fact regarding its treatment of Mr. Davis sufficient to rebut the charges of race discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-55 (1981). The district court, consistent with Burdine, reviewed the MSPB record to determine whether it could rationally conclude that the demotion of Mr. Davis had not been motivated by discriminatory animus. Id. at 257. Because of Mr. Davis' failure to prove a prima facie case of discrimination, the court was not required to examine defendant's evidence regarding his nondiscriminatory reason for demoting Mr. Davis. However, the court did not err in conducting this review.[4]
 
 
 12
 Mr. Davis argues that because this case was disposed of on summary judgment he was denied his statutorily mandated trial de novo. Mr. Davis cites no case, however, holding that the rules of civil procedure regarding summary judgment are suspended in Title VII cases. On the contrary, while the courts may be more cautious in granting summary judgment in cases where intent and motivation are at issue, summary judgment may still be appropriate in some circumstances. Foster v. Arcata Assocs., Inc., 772 F.2d 1453, 1459 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986). "One purpose of the allocation of burden in Title VII and ADEA actions is to enable the district courts to identify meritless suits and dispense with them short of trial." Id.; accord Schwenke v. Skaggs Alpha Beta, Inc., 858 F.2d 627, 628 (10th Cir.1988). Under the facts of this case, summary judgment was appropriate and did not deny Mr. Davis his day in court.[5]
 
 Constitutional Claims
 
 13
 In his complaint, Mr. Davis alleged the deprivation of his constitutional right to equal protection and due process. Complaint at 4, 6. The district court was correct in noting that such constitutional claims are not within its subject matter jurisdiction. District Court Order at 13-14. In Bush v. Lucas, 462 U.S. 367, 385-86 (1983), the Supreme Court held that constitutional claims raised by federal employees are fully cognizable in the elaborate, comprehensive civil service system created by Congress. It thus refused to recognize a Bivens[6] remedy for constitutional violations alleged by federal employees. Id. at 390; see also Petrini v. Howard, 918 F.2d 1482, 1483-84 (10th Cir.1990) (citing Lombardi v. Small Business Admin., 889 F.2d 959 (10th Cir.1989); Brothers v. Custis, 886 F.2d 1282 (10th Cir.1989); Hill v. Department of the Air Force, 884 F.2d 1318 (10th Cir.1989), cert. denied sub nom. Hill v. Britt, --- U.S.----, 110 S.Ct. 2206 (1990)). Thus the merit system of which Mr. Davis is a part presented his exclusive avenue for relief. See Wilder, 846 F.2d at 626-27.
 
 
 14
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The parties requested that this matter be submitted on the briefs. After examining the briefs and appellate record, it was determined by the court that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case was therefore ordered submitted without oral argument
 
 
 [2]
 Because the district court had no jurisdiction over plaintiff's constitutional claims, as discussed herein, those claims should have been dismissed. To the extent that the district court's order purports to grant summary judgment to defendant on those claims, that portion of the order is vacated and Mr. Davis' claims based on due process and equal protection are dismissed
 
 
 [3]
 Mr. Davis does not argue that he was sanctioned for less abusive behavior than was his Caucasian counterpart
 
 
 [4]
 The court in Whatley was also concerned about the problem of hearsay. That problem does not exist in this case, however, because the record considered by the district court was not offered to prove the truth of the matters contained therein, but rather was offered to show absence of discriminatory animus on the part of defendant
 
 
 [5]
 Mr. Davis' remaining arguments regarding procedural irregularity are without merit. We are satisfied that both the MSPB and the district court followed federal procedural law in this matter and that the action of the MSPB was neither arbitrary nor capricious. Wilder, 846 F.2d at 619
 
 
 [6]
 Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971)