974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mustapha TUSA, Plaintiff-Appellant,
v.
STANLEY DRY CLEANERS, INC., Defendant-Appellee.
 No. 92-3094.
 United States Court of Appeals, Tenth Circuit.
 Sept. 10, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Mustapha Tusa appeals from an order of the district court granting summary judgment for defendant Stanley Dry Cleaners, Inc. We affirm.
 
 
 3
 Tusa commenced this action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17. Tusa, a black man, alleged he was fired by defendant because of his race after he refused to train a new manager. The district court appointed counsel who was allowed to withdraw upon Tusa's motion. The district court denied Tusa's motion for appointment of new counsel, and Tusa was directed to proceed pro se.
 
 
 4
 Defendant moved for summary judgment stating that Tusa had been fired because of insubordination[1] not because of race. The district court granted summary judgment holding that because Tusa had not filed a response, the motion was deemed uncontested pursuant to D.Kan.R. 206(g) (upon failure to file timely response, motion will be considered and decided as uncontested and ordinarily will be granted without further notice).
 
 
 5
 On appeal, Tusa argues, and defendant concedes, that he did respond to the motion. However, Tusa filed his response only with defendant and not with the district court. Tusa included a copy of his response and the "Referee's Decision" issued by the Kansas Department of Human Resources with his brief on appeal.
 
 
 6
 In reviewing a district court's order granting summary judgment, we generally "consider only those papers before the court at the time of its decision." Dodd Ins. Servs., Inc. v. Royal Ins. Co., 935 F.2d 1152, 1156 n. 3 (10th Cir.1991). We have reviewed the documents submitted by Tusa only to determine whether he presented any "genuine issue as to any material fact," which would preclude a grant of summary judgment. See Fed.R.Civ.P. 56(c). We conclude that Tusa has not presented such an issue.
 
 
 7
 This case was framed as a discriminatory discharge action. Construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Tusa's pro se complaint could be read as alleging a failure to promote cause of action. Thus construed, Tusa has presented no facts showing that the woman employed as an assistant manager was less qualified than he. The fact that she quit the job after two days does not prove she was not qualified for that position.
 
 
 8
 Defendant has moved for attorney's fees should we determine that this appeal is frivolous. If we were to treat this case strictly as a discharge case, it would appear frivolous. Viewed as a failure to promote case, while Tusa has not presented enough factual evidence to avoid summary judgment, the claim is not so frivolous as to warrant the award of attorney's fees.
 
 
 9
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. Defendant's motion for attorney's fees is DENIED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Insubordination can be a legitimate nondiscriminatory reason for discharge. See Brown v. Parker-Hannifin Corp., 746 F.2d 1407, 1411 (10th Cir.1984)