Isabella E. ALLEN, Plaintiff–Appellant,

v.

DENVER PUBLIC SCHOOL BOARD; Robert Baker, individually and in his capacity as principal of John F. Kennedy High School, Defendants–Appellees.

Isabella E. ALLEN, Plaintiff–Appellee,

v.

DENVER PUBLIC SCHOOL BOARD, Defendant,

and

Robert Baker, individually and in his capacity as principal of John F. Kennedy High School, Defendant–Appellant.

Nos. 89–1331, 89–1339.

United States Court of Appeals, Tenth Circuit.

March 26, 1991.

Penfield W. Tate, II of Trimble, Tate & Nulan, P.C., Denver, Colo., for plaintiff-appellant.

Martin Semple, Dwight L. Pringle of Semple & Jackson, P.C., for defendants-appellees.

Before McKAY, McWILLIAMS, and EBEL, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Plaintiff Isabella Allen appeals from various rulings of the district court dismissing civil rights claims she brought pursuant to 42 U.S.C. §§ 1981 and 1983 and 42 U.S.C. § 2000e et seq. (Title VII). Defendants Denver Public School Board (Board) and Robert Baker cross appeal on the issue of attorney's fees. We affirm the district court in all respects.

I.

Isabella Allen was hired as a teacher for the Denver Public School System in 1971. She later became certified as a guidance counselor and was assigned to various schools in the system. In 1984, she was assigned to John F. Kennedy Senior High School (JFK). While at JFK, Allen was a general guidance counselor. She remained in this position until June 1987, when she was placed on paid leave pending an investigation into criminal charges filed against her. She was officially terminated on September 15, 1988. From early 1985 through June 1987, defendant Robert Baker was the principal at JFK.

Sometime in 1986, two positions for "college" and "career" guidance counselors opened up at JFK. Although these positions did not carry additional salary or benefits, they were regarded as more prestigious and involved additional responsibilities. Allen approached the principal and assistant principal about obtaining one of the positions, but she did not submit a formal application. The jobs were not formally posted in the school system. White males were chosen for both positions.

In December 1986, Allen was placed on a three-day paid administrative leave after she allegedly helped a student conceal a knife following a hallway altercation in which she intervened. JFK had a school policy which required expulsion for bringing weapons to school. According to JFK officials, Allen denied a knife was involved. As a result of the suspension, Allen filed a

grievance with the Denver Classroom Teacher's Association alleging Baker wrongly disciplined her. She also filed a discrimination claim with the Colorado Civil Rights Division and the Equal Employment Opportunities Commission (EEOC) asserting, *inter alia*, that Baker harassed her and discriminated against her in suspending her and failing to promote her to career guidance counselor.

In addition to her school duties, Allen also maintained a private consulting service. In June 1987, she was named in a twelve-count felony indictment alleging she defrauded the federal Medicaid program by filing false information and overcharging her Medicaid claims. Specifically, Allen represented that she had a doctorate degree when, in fact, she had dropped out of the program. Allen eventually pleaded guilty to three misdemeanor counts of offering false instruments.

As a result of these charges, the Board initiated dismissal proceedings under Colo. Rev.Stat. § 22–63–101 (Tenure Act). An administrative law judge heard the case and recommended retaining Allen despite his finding that she was guilty of the misdemeanor charges. The Board rejected this recommendation and dismissed Allen under the "immorality" and "other good and just cause" provisions of the Tenure Act. *See* Colo.Rev.Stat. § 22–63–116. The Colorado Court of Appeals subsequently affirmed this ruling.[1] Throughout this action, the Board has maintained it terminated Allen because of the fraud charges.

Allen filed suit in April of 1988, asserting claims under 42 U.S.C. §§ 1981 and 1983. She also brought a claim under Title VII. The district court initially dismissed Allen's section 1981 and 1983 claims pursuant to Fed.R.Civ.P. 12(b)(6) because they did not provide a factual basis which was independent of the Title VII claim. Allen then amended her complaint to broaden her bases for relief, including for the first time a wrongful termination claim. Upon defendants' motion, the court again dismissed the section 1983 claim, but allowed the section 1981 claim. After discovery was completed, defendants filed a motion for summary judgment on the remaining claims. The court granted this motion on October 4, 1989.

On appeal, Allen argues the district court erred in dismissing her section 1983 action for failure to state a claim under Fed.R. Civ.P. 12(b)(6). She also asserts factual issues preclude the entry of summary judgment on the Title VII and section 1981 claims. The Board and Robert Baker cross appeal, asserting they are entitled to attorney's fees under 42 U.S.C. § 1988. We affirm.

## II.

The district court dismissed Allen's section 1983 claim on two separate occasions. First, it ruled Title VII precluded the claim because it was based only on a violation of that statute, rather than some other federal constitutional right. Rec. Vol. I at doc. 17 p. 11. After Allen amended the claim to include a fourteenth amendment violation, the court held that although Allen had cured the earlier defect, the claim was still fatally flawed because no independent liberty interest was implicated. Rec. Vol. I doc. 24 pp. 2–3. It appears Allen challenges both these rulings. We must affirm the district court if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " *Phelps v. Wichita Eagle–Beacon*, 886 F.2d 1262, 1266 (10th Cir.1989) (quoting *Shoultz v. Monfort of Colo., Inc.*, 754 F.2d 318, 321 (10th Cir. 1985), *cert. denied*, 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

1. Allen's original complaint was filed in April 1988, prior to completion of the dismissal proceedings. However, it was filed within ninety days of the issuance of a right to sue letter she received from the EEOC regarding her December 1986 discrimination claim. She filed a second complaint with the Colorado Civil Rights Division and the EEOC after she was terminated. The EEOC issued a right to sue letter on December 12, 1988, and Allen amended her complaint to add the wrongful termination claim.

■ The district court correctly held that section 1983 cannot be used to assert the violation of rights created only by Title VII. *Polson v. Davis*, 895 F.2d 705, 710 (10th Cir.1990). Allen's original section 1983 claim only alleged a violation of Title VII rights. It did not allege a violation of any other constitutional right.[2] Therefore, it was properly dismissed.

In her second amended complaint, Allen alleged the following violation of section 1983:

*The right to gainful employment is a federal constitutionally protected right. The loss of reputation and esteem in her community is also guarded in the Fourteenth Amendment to the U.S. Constitution.* That the acts and conducts of the Defendants complained of above were taken by reason of Plaintiff's race and/or sex and were done under color of state and local laws, customs and authorities and were taken specifically to deprive Plaintiff of those rights. The actions complained of resulted in a deprivation of property rights and immunities as secured by the Fourteenth Amendment to the United States Constitution and as protected by Title 42 U.S.C. Sec. 1983.

Rec. Vol. I doc. 19. (Emphasis added.)

■ To the extent this claim attempts to allege a liberty interest, it is necessary that the alleged stigmatization be entangled with some further interest, such as the ability to obtain future employment. *Melton v. City of Oklahoma City*, 928 F.2d 920, 926–927 (10th Cir.1991); *Paul v. Davis*, 424 U.S. 693, 701, 709–10, 96 S.Ct. 1155, 1160, 1164–65, 47 L.Ed.2d 405 (1976); *see also McGhee v. Draper*, 639 F.2d 639, 643 (10th Cir.1981) ("[S]tigmatization or reputational damage alone, no matter how egregious, is not sufficient to support a § 1983 cause of action."). Only where the stigmatization results in the inability to obtain other employment does this type of claim rise to a constitutional level. *Colaizzi v. Walker*, 812 F.2d 304, 307 (7th Cir. 1987).

■ In *Colaizzi*, the Seventh Circuit stated:

To understand the tort you must go back to its origins in cases where public employees were fired for suspected Communist sympathies. In the atmosphere of those times, employees fired on such grounds found it difficult to land equally responsible jobs, public or private. The circumstances of discharge, at least if they were publicly stated, had the effect of blacklisting the employee from employment in comparable jobs. If a state or the federal government formally banned a person from a whole category of employment, it would be infringing liberty of occupation—a component of the liberty that the due process clauses of the Fifth and Fourteenth Amendment protect, and recognized as such almost since the beginning of this nation.

*Id.* (Citations omitted.)

Absent this further "occupational" interest, the stigmatization claim does not rise to a federal level and is best pursued under state tort law. *See Davis*, 424 U.S. at 710–12, 96 S.Ct. at 1165–66; *McGhee*, 639 F.2d at 643. Here, Allen has made no claim that her future employment is restricted or that she was harmed through the public dissemination of information regarding her termination. As a consequence, we affirm the district court on this issue.[3]

---

2. 42 U.S.C. § 1983 does not create substantive rights. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979). Rather, it merely provides a remedy for the violation of rights created elsewhere. *See id.*

3. Notwithstanding the reference to a property right in Allen's second amended complaint, it does not appear that appellant has predicated her section 1983 claim on an alleged property right because the only damages she alleges are for loss of reputation and esteem in her community. In any event, it is clear that even if appellant had a property interest in employment, she received procedural due process prior to her termination. *See Derstein v. Kansas*, 915 F.2d 1410, 1413 (10th Cir.1990) (outlining procedural due process requirements).

### III.

The district court granted summary judgment in favor of the Board and Baker on Allen's remaining section 1981 and Title VII claims. We review the granting of a motion for summary judgment in the same manner as the district court. *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir.1990). Summary judgment is appropriate only where there are no genuine issues of fact and one party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56(c). In reviewing the issue whether summary judgment is appropriate, we view factual conflicts in the light most favorable to the party resisting the motion. *Apodaca v. Rio Arriba County Sheriff's Dep't*, 905 F.2d 1445, 1446 (10th Cir.1990).

#### A. *Section 1981 Claim*

Allen's section 1981 claim is based on the conduct of Principal Robert Baker. It states:

> The Defendant Robert Baker recommended Plaintiff's termination to the Defendant Board. In so doing the Defendant Baker provided information which he knew to be false and unsubstantiated. The Defendant Baker provided this information which he knew to be false and unsubstantiated. The Defendant Baker provided this information for the specific purpose of causing the Plaintiff to be terminated. At the time he did so the Defendant Baker knew or should have known that his actions were in violation of the rights and immunities of the Plaintiff. Those rights and immunities are protected by 42 U.S.C. § 1981, which is incorporated by reference herein and made a part hereof.

Rec. Vol. I doc. 19.

The record indicates, and it is undisputed, that Baker effectively retired on June 19, 1987. This was seven days after the grand jury indictment was issued and prior to commencement of any termination proceedings. The only evidence Allen submitted in support of this claim is the hearing testimony of Mr. George Morrison, a Denver school official. He stated "the principal" was responsible for investigating the felony charges following Allen's suspension in 1987. Rec. Vol. I doc. 27. Baker was not identified by name and Mr. Morrison indicated he never saw the results of the investigation. *Id.*

A claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement. *See Davis v. Reed*, 462 F.Supp. 410, 413 (W.D. Okla.1977); *see also Parratt v. Taylor*, 451 U.S. 527, 537 n. 3, 101 S.Ct. 1908, 1913 n. 3, 68 L.Ed.2d 420 (1981) (refusal to accept § 1983 actions based on respondeat superior). There must be some affirmative link to causally connect the actor with the discriminatory action. *Cf. McClelland v. Facteau*, 610 F.2d 693, 696 (10th Cir.1979) (recognizing that the language in section 1983 "is broader than direct personal involvement").

There is no evidence in the record indicating Baker had any involvement in the termination proceedings or provided the Board with any information. In fact, Allen admitted in her deposition that she had no information to indicate Baker ever spoke to the Board. Rec. Vol. I doc. 22 tab R. In support of their motion for summary judgment, the defendants submitted the affidavit of Principal Baker. Rec. Vol. I doc. 22 tab T. In it, Baker stated he had absolutely no contact with the Board regarding Allen's termination. *Id.*

Once defendants properly supported their motion for summary judgment with this affidavit, it was incumbent upon Allen to respond with some showing of an issue of genuine material fact. *See Brown v. Parker–Hannifin Corp.*, 746 F.2d 1407, 1412 (10th Cir.1984). Resting on the allegations in the complaint is insufficient. *Id.* Because there is no factual support for Allen's claim, summary judgment was appropriate. Consequently, we affirm the district court on this claim.[4]

4. We agree with the district court that to the extent Allen is alleging a section 1981 claim

## B. Title VII Claim

Allen's Title VII claim is captioned as one singular claim for wrongful termination. She asserts, however, that a series of discriminatory events led to the firing. Allen argues these events, when combined, show an intent to discriminate. However, the district court held Allen failed to establish a prima facie case on her wrongful termination claim. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); see also Rec. Vol. I doc. 35 pp. 11–12. Unless she has met this threshold showing, she cannot argue that the Board's reason for terminating her was pretextual. The pattern of the alleged discriminatory events goes to that issue. However, the district court examined each discriminatory act as a separate claim. Therefore, we will review each allegation in the same manner.

The alleged discriminatory acts include: (1) failure to receive a promotion in 1979; (2) failure to receive the "promotion" to career or college guidance counselor; (3) being placed on a three-day administrative leave in 1986 following the knife incident; (4) her dismissal for pleading guilty to misdemeanor criminal charges; (5) retaliation for filing a grievance with the teacher's union, and (6) a claim for racial and gender based harassment by Robert Baker.

In order to bring suit under Title VII, an aggrieved employee must file a complaint with the EEOC or a related state agency within 180 days of the alleged unlawful act. 42 U.S.C. § 2000e-5. If the commission does not act on the complaint, it issues the employee a right to sue letter. 42 U.S.C. § 2000f-5(f)(1). The employee has ninety days from that date in which to file a civil action in the United States District Court. Id. Failure to follow these time limitations constitutes waiver of the claim.

However, in Furr v. AT & T Technologies, Inc., 824 F.2d 1537 (10th Cir.1987), this court held that a plaintiff may bring suit outside the strict time limitations outlined in the discrimination statutes if the various acts constitute a continuing pattern of discrimination. Id. at 1543. Under Furr, the time limits will be satisfied if one of the discriminatory acts came within the 180-day period prior to filing a complaint. The court noted, however, that "the continuing violation theory may not be used to challenge discrete, unrelated acts occurring entirely outside the statutory filing periods." Id. at 1544.

■ Allen did file a complaint with the EEOC following the knife incident in 1986 and after her termination. She received right to sue notices in both cases. However, she has never raised, either with the EEOC or in her amended complaints, the 1979 nonpromotion. As a result, it is a prohibited claim unless related to the other alleged incidents. Allen has not provided any evidence to the court regarding the connection between any of these acts. The 1979 "nonpromotion" took place while Allen was at a different school. Different people were involved. There is nothing in the record to indicate that the person or persons who failed to promote her had anything to do with events at JFK. Therefore, the nonpromotion claim is prohibited as untimely. However, because the other claims all appear to be related, we will review each of them in turn.

■ Allen first asserts a claim based on the failure to receive the promotion to "career" or "college" counselor. In order to establish a prima facie case on this issue, Allen must provide some evidence to establish "[s]he was equally or better qualified than those employees actually promoted." Clark v. Atchison, Topeka & Santa Fe Ry. Co., 731 F.2d 698, 701 (10th Cir.1984).

Allen has presented no evidence regarding the qualifications of the white men who were chosen for the positions. She testified in her deposition that she did not know

based on racial harassment, it is foreclosed by the Supreme Court's recent decision in Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Likewise, we agree we need not reach the issue of whether a claim for wrongful termination can be sustained under section 1981 following the Patterson decision. See generally Hicks v. Brown Group, Inc., 902 F.2d 630, 638 (8th Cir.1990); Carroll v. General Accident Ins. Co. of Am., 891 F.2d 1174, 1177 (5th Cir.1990).

what their qualifications were. Rec. Vol. I doc 23 tab L. She stated her *belief* that she was more qualified. However, no documentary or testimonial evidence was submitted to indicate what their professional or educational background was. Again, in order to survive summary judgment, there must be some evidence, distinct from the plaintiff's own assertions, that a factual issue exists. *See Parker–Hannifin*, 746 F.2d at 1412. There is no such evidence here. As a consequence, Allen's claim was appropriate for summary judgment.

■ Allen also alleges that the administrative leave following the knife incident was a discriminatory act. However, regardless of the nature of the act, Allen has suffered no damage compensable under Title VII. The leave was paid, and no further detrimental action was taken. The damage she asserts is emotional distress.

■ Damages for emotional distress are not compensable under Title VII. *Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir.1982); *see also Baker v. Weyerhaeuser Co.*, 903 F.2d 1342, 1343–46 (10th Cir.1990) (court affirms ruling that emotional distress damages are not recoverable under Title VII). The district court appropriately granted summary judgment on this claim. Allen's general claim for racial harassment is likewise barred because it is also based on emotional distress damages. Neither of these claims may survive distinct from the wrongful termination charge.

■ Allen's retaliation claim is based on her filing a grievance with the teacher's association following the 1986 knife incident.[5] This is a claim cognizable under Title VII. *See* 42 U.S.C. § 2000e–3(a). In order to establish a prima facie case of retaliatory discharge, a plaintiff must prove: 1) she engaged in protected opposition to discrimination or participation in a proceeding arising out of discrimination; 2) adverse action by the employer subsequent to the protected activity; 3) a causal connection between such activity and the employer's action. *Anderson v. Phillips Petroleum Co.*, 861 F.2d 631, 634 (10th Cir. 1988).

■ The grievance in this case does not allege any discrimination occurred. Rather, it contains a complaint regarding Baker personally. *See* Rec. Vol. I doc. 22 tab O. There is nothing on the face of the document to alert the reader that discrimination is being alleged. Further, the record does not provide any additional insight into the factual basis of this claim. The claim does not, therefore, satisfy the first element of the prima facie case outlined above. Consequently, we affirm the district court on this issue as well.

■ Finally, we reach the wrongful termination claim. The district court adopted the following test for establishing a prima facie case of discrimination:

1. Allen is a minority member;
2. She was qualified for her position;
3. She was discharged; and
4. Nonminorities in the same or similar situations were not disciplined the same or similarly.

*See Coleman v. Braniff Airways, Inc.*, 664 F.2d 1282, 1284–85 (5th Cir.1982). We believe this is an appropriate adaptation of the *McDonnell Douglas* test. *See Carino v. University Okla. Bd. of Regents*, 750 F.2d 815, 818 (10th Cir.1984) (both the language and the case law interpreting Title VII require that any test tailored to aid in discerning violations be flexible). It is consistent with the test we have adopted in analogous cases. *See, e.g., Carlile v. South Routt School Dist.*, 739 F.2d 1496, 1500 (10th Cir.1984) (in tenure denial setting, last element of prima facie case is "others with similar qualifications were reappointed or granted tenure"). The district court ruled Allen failed to satisfy this test. Rec. Vol. I doc. 35 p. 11–12.

We recognize that Allen has established the first three elements. In support of the fourth, she submitted the names of ten

---

**5.** Allen's amended complaint does not allege the retaliatory discharge was based on filing the EEOC claim. Rather, the claim is apparently based on the grievance filed with the Teacher's Association.

other school employees who were either convicted of misdemeanor criminal charges or were disciplined for alleged "immoral" conduct. None of the ten were terminated. However, four are black and two are female. Of the three people convicted of misdemeanors, one is a black woman and the other two men are Hispanic and black. The statistics simply do not imply a course of discriminatory conduct against minorities or women. Consequently, we affirm on this claim as well.

### IV.

■ Finally we turn to defendants' claim for attorney's fees. Pursuant to 42 U.S.C. § 1988, the district court may, in its discretion, award fees to the prevailing party. Here, the court declined to award fees to the defendants. We review this issue under an abuse of discretion standard. *Bee v. Greaves*, 910 F.2d 686, 689 (10th Cir.1990).

■ In order for defendants to collect attorney's fees, they must show Allen pursued the litigation in bad faith or brought a frivolous or groundless action. *Glass v. Pfeffer*, 657 F.2d 252, 255 (10th Cir.1981), *rev'd on other grounds*, 683 F.2d 330 (10th Cir.1982). After reviewing the record and the legal issues involved in this case, we hold the district court did not abuse its discretion.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

