Jessie P. SMITH, Plaintiff,

v.

The DENVER PUBLIC SCHOOL BOARD, Defendant.

Civ. A. No. 90–S–0121.

United States District Court, D. Colorado.

July 9, 1991.

Michael H. Jackson, Franklin A. Nachman, Semple & Jackson, P.C., Denver, Colo., for defendant.

Penfield W. Tate, II, Trimble, Tate & Nulan, Denver, Colo., for plaintiff.

## ORDER

SPARR, District Judge.

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment on Plaintiff's First Claim for Relief. On February 25, 1991, the Court dismissed Plaintiff's Second and Third Claims for Relief. The Court, having reviewed the Defendant's motion regarding the single remaining claim, the Plaintiff's response, the Defendant's reply, the Defendant's additional authority, the Defendant's supplemental record in support of the motion, the Plaintiff's response to the Defendant's supplemental submission, the Defendant's reply to the Plaintiff's response to the Defendant's supplemental submission, the Defendant's additional authority filed March 27, 1991, the Defendant's additional authority filed June 3, 1991, the applicable law, and being fully advised in the premises, ORDERS as follows.

*Factual and Procedural Background*

Smith filed this civil action in federal court on January 22, 1990. In her First Claim for Relief under Title VII, 42 U.S.C. § 2000e et seq., Smith alleges that she was continually harassed by her principal as well as other members of the administration of the Denver School Board from September of 1986 until her termination in May of 1990. Smith alleges she was harassed and ultimately terminated because she "is a member of the Negro race, is a woman, and in retaliation for Plaintiff filing a charge of discrimination against the Defendant" with the Equal Employment Opportunity Commission.

On February 13, 1989, the Superintendent of the Denver Public Schools recommended to the Board of Education that Plaintiff be dismissed as a tenure teacher on the grounds of incompetence, and/or insubordination, and/or neglect of duty, and/or other good and just cause. The Board accepted the charges on February 16, 1989. Plaintiff, through her counsel, requested a hearing on the charges. Administrative Law Judge (ALJ) Marshall A. Snider held a tenure teacher dismissal hear-

ing for twelve days, from October 18, 1989 to November 2, 1989. Several witnesses testified and approximately three hundred exhibits were reviewed.

On March 28, 1990, ALJ Snider issued a 37–page Findings of Fact and Recommendation. He concluded that the School District had proved all four statutory charges of incompetence, neglect of duty, insubordination, and other and good just cause. He considered and rejected Plaintiff's allegations that the School District was motivated by discrimination in seeking her termination. ALJ Snider recommended that the Plaintiff's employment be terminated.

The Board issued its Resolution and Order of Dismissal on May 17, 1990, adopting the ALJ's Findings of Fact and Recommendation. At its legislative meeting on May 17, 1990, the Board resolved that Smith be dismissed as a tenure teacher.

*The Standard for Summary Judgment*

The standard for ruling on summary judgment motions is set forth in Federal Rule of Civil Procedure 56(c). Fed.R.Civ.P. 56 provides in pertinent part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Telephone & Telegraph,* 909 F.2d 419, 420 (10th Cir.1990); *Martin v. Board of County Com'rs of Pueblo County,* 909 F.2d 402, 404 (10th Cir.1990).

The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing that is sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The non-movant must come forward with specific facts showing a genuine issue for trial. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The mere existence of some alleged factual dispute will not defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510; *Clifton v. Craig,* 924 F.2d 182, 183 (10th Cir.1991), *petition for cert. filed,* (April 23, 1991).

*Standard of Proof for Title VII Claim*

A plaintiff in a Title VII case has the burden of establishing a prima facie case of discrimination. In order to establish a prima facie case for employment discrimination in an academic setting in this particular case, Smith must show: (1) that she is a member of a class protected by Title VII; (2) that she was qualified for the position or rank held; (3) that she was denied tenure or dismissed; and (4) that others with similar qualifications were reappointed or granted tenure or retained. *See Allen v. Denver Public School Board,* 928 F.2d 978, 985 (10th Cir.1991); *Carlile v. South Routt School Dist. RE–3J,* 739 F.2d 1496, 1500 (10th Cir.1984).

For a disparate treatment theory, a plaintiff must prove a prima facie case of discrimination pursuant to the analysis established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In a disparate treatment case, it must be proven that the employer treated an employee or potential employee less favorably than others based upon a discriminatory intent or motive. *Watson v. Fort Worth Bank and Trust,* 487 U.S. 977, 986, 108 S.Ct. 2777, 2784, 101 L.Ed.2d 827 (1988).

For a disparate impact theory, a plaintiff must show more than mere statistical disparities. *Watson,* 487 U.S. at 994, 108 S.Ct. at 2788–89. Plaintiff must identify a specific employment practice that is allegedly responsible for an observed disparate impact. *Wards Cove Packing Co., Inc. v. Atonio,* 490 U.S. 642, 657, 109 S.Ct. 2115, 2124, 104 L.Ed.2d 733 (1989). A second constraint on the application of a disparate impact theory lies in the nature of the "business necessity" or "job relatedness" defense. When a plaintiff has made out a prima facie case of disparate impact and the defendant has met its burden of producing evidence that its employment practices are based on legitimate business reasons, the plaintiff must show that other selection devices, without a similarly undesirable racial effect, would also serve the employer's legitimate interest in efficient work. *Watson,* 487 U.S. at 998, 108 S.Ct. at 2790.

In order to establish a prima facie case for retaliatory discharge, Smith must prove: (1) that she engaged in protected opposition to discrimination or participation in a proceeding arising out of discrimination; (2) adverse action by the employer subsequent to the protected activity; and (3) a causal connection between such activity and the employer's action. *Allen v. Denver Public School Board,* 928 F.2d 978, 985 (10th Cir.1991); *Anderson v. Phillips Petroleum Co.,* 861 F.2d 631, 634 (10th Cir.1988).

*Plaintiff's Title VII Claim*

A. Proceedings Before the ALJ

The ALJ's evidentiary findings are binding on the Board of Education if they are supported by substantial and competent evidence in the record. *deKoevend v. Bd. of Educ. of West End School,* 688 P.2d 219, 225–26 (Colo.1984). Smith does not argue that the Board looked outside the ALJ's findings in acting upon the ALJ's recommendation for termination. Smith has presented no evidence that the Board acted other than according to state law. There is no suggestion that the evidence relied upon by the ALJ in making his findings was in any way unreliable.

In the proceedings before the ALJ, Smith made a claim for discrimination under a disparate impact theory. Although the ALJ noted some statistical disparity in the placement of black teachers on 1311B appraisal (paragraphs 78–80 of ALJ's Findings of Fact and Recommendation), he found no evidence of any specific employment practice that was allegedly responsible for an observed disparate impact (pp 31–33 of ALJ's Findings of Fact and Recommendation). *See Wards Cove,* 490 U.S. at 657, 109 S.Ct. at 2124; *Watson,* 487 U.S. at 994, 108 S.Ct. at 2788. The ALJ found that even if Smith had established a prima facie case, the School District had brought forth evidence to meet its burden under the business necessity defense and Smith had failed to meet her burden to demonstrate that other methods of selection for 1311B appraisal would serve the District's legitimate interests without having an undesirable racial effect or that the District used this selection process as a mere pretext for discrimination. *Wards Cove,* 490 U.S. at 660, 109 S.Ct. at 2126; *Watson,* 487 U.S. at 998, 108 S.Ct. at 2790.

In footnote 18, the ALJ stated that it "does not appear that Smith raises a discrimination claim under a disparate treatment analysis. Nevertheless, such a claim would also have to fail. There was no evidence that Smith was treated differently than similarly situated employees (that is, there was no evidence that Smith was treated differently than other tenure teachers with similar demonstrated teaching deficiencies)."

The ALJ concluded that Smith's claim for discrimination failed.

B. Proceedings in Federal Court

1. Since the ALJ's Findings of Fact and Recommendation were issued, Smith has attempted to present the Court with further evidence of employment discrimination. Smith has presented what she characterizes as "controverted facts yet to be resolved as to whether the Plaintiff was subjected to unlawful discrimination," in the form of an Affidavit of Plaintiff claiming that two white male teachers were nev-

er placed on Policy 1311B although they were not satisfactory teachers and did not reach Smith's level of performance (attachment to Plaintiff's Response to Defendant's Supplemental Submission). Smith has also presented an excerpt from the Defendants' answers to interrogatories (Exhibit A to Plaintiff's Response to Defendant's Motion for Summary Judgment) and a letter from an attorney for the School District listing the teachers whose cases were acted on by the Board following a hearing pursuant to the Tenure Act during Mr. Garner's tenure on the Board (Exhibit B to Plaintiff's Response to Defendant's Motion for Summary Judgment).

Smith's "controverted facts" are not sufficient to defeat the motion for summary judgment. The excerpt from the answers to interrogatories and the letter are of little or no probative value. The exhibits are incomplete in several ways. The ethnicity of the teachers involved is not identified, the various reasons for which the teachers were dismissed are not identified, and the teachers who have been retained are not identified.

Smith's knowledge of the two male teachers is based on the performance she observed of students who had been taught by these two male teachers and comments she heard from students about these two teachers. Smith's affidavit is not "made on personal knowledge," and does not "set forth such facts as would be admissible in evidence," pursuant to the requirements of Fed.R.Civ.P. 56(e). Her affidavit consists merely of conclusory allegations and does not satisfy her burden as the non-movant to come forward with specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 247–49, 106 S.Ct. at 2509–10; *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356; *Clifton,* 924 F.2d at 183.

Defendants have supported their motion for summary judgment with extensive evidence pursuant to Fed.R.Civ.P. 56, showing that the two white male teachers were more qualified than Smith and that not every black teacher who has been recommended for termination by an ALJ has been dismissed by the Board (Exhibits to Defendants' Reply Brief in Support of Motion for Summary Judgment).

Smith cannot establish the second and fourth prongs of a prima facie case for employment discrimination in an academic setting—that she was qualified for continued employment and that others with similar qualifications were not dismissed. Neither can she establish the third prong of a prima facie case for retaliatory discharge—that there was a causal connection between the filing of her charge with the EEOC and her termination. The Court concludes that Smith cannot present a prima facie case for disparate treatment, disparate impact, or retaliatory discharge. Because she fails to establish the prima facie case, her Title VII claim must fail on summary judgment.

■ 2. In addition, there is reasoning from this district that the Board's actions in adopting the recommendation for dismissal by an impartial ALJ broke the chain of causation between any retaliatory motivation by the Defendants and Smith's subsequent termination. *Romero v. Aguayo,* No. 87–M–6, slip op. at 5 (D.Colo. May 29, 1990), *aff'd,* [934 F.2d 326 (table)] slip op. at 6 (10th Cir. May 31, 1991). This Court agrees with that reasoning that the Board could not have been motivated by discriminatory motives when it adopted the findings of an impartial ALJ that concluded the School District acted lawfully in discharging Smith. There can be no causal connection between Smith's EEOC charge and the Board's action. Therefore, there can be no retaliatory discrimination. *Allen,* 928 F.2d at 985.

Accordingly, for the reasons stated in this Order, the Defendant's Motion for Summary Judgment on Plaintiff's First Claim for Relief is GRANTED and this civil action is DISMISSED.