28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robin ATKINS, Plaintiff-Appellant,
v.
The BOEING COMPANY, Bob Cook, Bill Massey and Sharai
McConico, Defendants-Appellees.
 No. 93-3177.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1994.
 
 1
 D.Kan., No. 91-1404.
 
 
 2
 Jose Hurlstone-Peggs (William L. Fry with her on the brief) of William L. Fry, P.A., Witchita, KS, for plaintiff-appellant.
 
 
 3
 Daniel J. Sevart of Sevart & Sevart, Witchita, KS, for Bob Cook, defendant-appellee.
 
 
 4
 Mary Katherine Babcock of Foulston & Siefkin, Witchita, KS, for The Boeing Co., Bill Massey and Sharai McConico, defendants-appellees.
 
 
 5
 D.Kan.
 
 
 6
 AFFIRMED.
 
 
 7
 Before MOORE AND MCKAY, Circuit Judges, and PARKER,* District Judge.
 
 
 8
 ORDER AND JUDGMENT**
 
 
 9
 PARKER, District Judge.
 
 
 10
 This is an appeal from the district court's grant of summary judgment in favor of all defendants. We affirm the district court.
 
 
 11
 The trial court appropriately determined, based on the admissible evidence presented by the parties, that the majority of plaintiff's Title VII claims were barred by plaintiff's failure to exhaust his administrative remedies. The trial court observed that plaintiff had properly filed at the administrative level his claim regarding a 1988 demotion and his claim of a October 1988 wrongful termination, but the trial court correctly dismissed these two claims, as well, based on the evidence before it. With regard to plaintiff's demotion claim, the trial court accurately concluded that plaintiff failed to offer any evidence that he "suffered an adverse employment action" as is required to state a prima facie case for retaliatory demotion. Allen v. Denver Public School Board, 928 F.2d 978 (10th Cir.1991). With regard to plaintiff's claim of wrongful termination, the trial court properly found that plaintiff failed to present any evidence that the plaintiff's position was filed by someone outside the protected class as is required to state a prima facie case under McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973).
 
 
 12
 The trial court rightly dismissed the majority of plaintiff's 42 U.S.C. Sec. 1981 claims as time barred. Plaintiff's only timely section 1981 claim, the failure of Boeing to rehire him in 1990, was also correctly dismissed because of plaintiff's failure to come forward with any evidence that defendant filled plaintiff's position with someone outside the protected class. McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973).
 
 
 13
 Plaintiff brought five state law claims all of which were appropriately dismissed by the trial court either because they were preempted or because they were barred by statutes of limitations.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable James A. Parker, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470