39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jessie SMITH, Plaintiff-Appellant,
v.
DENVER PUBLIC SCHOOL BOARD, Defendant-Appellee.
 No. 93-1457.
 United States Court of Appeals, Tenth Circuit.
 Nov. 10, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-Appellant Jessie P. Smith appeals the district court's grant of summary judgment in favor of defendant Denver Public School Board (school board) on her claims of age discrimination and retaliation. Because Ms. Smith filed her appeal beyond the time permitted by the rules of appellate procedure, we are without jurisdiction, and the appeal must be dismissed.
 
 
 4
 After being placed in a remedial program, Ms. Smith was terminated from her teaching position with the Denver Public School system for unsatisfactory performance. Ms. Smith filed a claim with the Equal Employment Opportunity Commission (EEOC) and later sued the school board, alleging that these actions were taken because of her race and gender. Summary judgment was granted in favor of the school board on the ground that Ms. Smith failed to present a prima facie case of discrimination or retaliation. Smith v. Denver Pub. Sch. Bd., 767 F.Supp. 226, 230 (D. Colo.1991).
 
 
 5
 Ms. Smith then filed this current action against the school board, alleging that her placement in the remedial program and discharge were based on her age, and that the school board took certain actions regarding her teaching certificate, unemployment benefits, and pension benefits, in retaliation for her filing of charges with the EEOC. Summary judgment was granted in favor of the school board on the grounds that (1) Ms. Smith did not make a prima facie showing of age discrimination or rebut the school board's evidence of a nondiscriminatory reason for her termination; and (2) Ms. Smith failed to show that the school board retaliated against her.
 
 
 6
 Judgment against Ms. Smith was rendered on August 31, 1993. On September 27, 1993, Ms. Smith's attorney filed two motions with the district court: a motion to withdraw and a motion to extend the time for Ms. Smith's appeal until November 15, 1993. The district court granted both motions on September 30, 1993. Ms. Smith filed her notice of appeal on November 15, 1993.
 
 
 7
 Federal Rule of Appellate Procedure 4(a)(5) prohibits the district court from extending a party's time to appeal more than thirty days after expiration of the original appeal period, or more than ten days after a motion to extend is granted, whichever is later. By extending the appeal period to November 15, 1993, the district court granted an extension of forty-six days beyond the end of the original appeal period and forty-seven days beyond the date of its order, thus violating the express language of the rule. Ms. Smith's appeal, therefore, is untimely.
 
 
 8
 "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988). "A court lacks discretion to consider the merits of a case over which it is without jurisdiction." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379-80 (1981). Further, we are prohibited from enlarging the time for filing a notice of appeal. See Fed.R.App.P. 26(b). Because Ms. Smith's appeal was not filed in time, we are without jurisdiction and have no choice but to order dismissal.
 
 
 9
 Although this result seems harsh, we note that it was Ms. Smith's attorney who requested that the deadline be extended to November 15, despite the plain language of the rules. See R. I, doc. 42. The district court's error, therefore, was invited. Even if we had jurisdiction, our examination of the record indicates Ms. Smith simply failed to show that the school board's actions were motivated by age discrimination or that they retaliated against her in any way.
 
 
 10
 The appeal in Case No. 93-1457 is DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation